UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-159-HRW

RONALD ROBINSON                                                                                          PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

T. O'BRIEN, ET AL.                                                                                    DEFENDANTS

Currently before the Court is the "Motion for Reconsideration" which Ronald Robinson, Sr., the *pro se* plaintiff, has filed [Record No. 7]. The Court construes this motion as one seeking amendment, under Fed.R.Civ.P. 59(e), of the Memorandum Opinion and Order ("the Opinion and Order") and Judgment dismissing the complaint, which the Court entered on February 23, 2006 [Record Nos. 5 and 6].

1. The Complaint

The plaintiff filed a *pro se* complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and asserted eleven (11) separate constitutional claims. The plaintiff alleged that the defendants, all employees of FCI-Ashland, violated his right of access to the courts under the First Amendment by attempting to restrict his access to documents needed for filing administrative remedies within the Bureau of Prisons ("BOP"). He claims that the prison employees retaliated against him because he had filed earlier grievances against them.

He claimed that the defendants violated his First Amendment right of freedom of religion. Specifically, he claimed that he was denied access to books and videos relating to his cultural and religious beliefs. He also complained that prison staff members harassed, threatened, singled him out, and repeatedly reprimanded him.

Finally, the plaintiff complained about not being reinstated in a UNICOR prison job at FCI-Manchester, and/or being denied a higher pay grade status in connection with the UNICOR job.

### 2. Memorandum Opinion and Order Dismissing

On February 23, 2006, the Court entered the Opinion and Order and Judgment [Record Nos. 5 and 6] dismissing the complaint. Ten of the eleven claims were dismissed on the merits, as frivolous. One claim (relating to the plaintiff's UNICOR job) was dismissed without prejudice because the plaintiff had not exhausted that particular claim. The reasons for the dismissal of each claim is set forth in detail in the Opinion and Order, and the Court will not reiterate its conclusions herein.

### 3. Motion to Alter and Amend

In his current motion, the plaintiff argues that the defendants engaged in a pattern of retaliation, harassment and threats with respect to each incident which he described in his complaint.

### DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). The Court determines that under this criteria, no basis exists for altering or amending the judgment.

The plaintiff's Rule 59(e) motion is essentially a shortened recitation of the claims he raised in his original complaint, all of which the Court has squarely addressed and dismissed. The Court will not reconsider or amend its prior decision to dismiss the eleven claims set forth in the complaint.

To the extent that the plaintiff argues that the Black History Education class lasted only four weeks instead of eight weeks, the BOP responded to that claim. The BOP explained that because the class was taught by inmate tutors, and because the curriculum structure was afforded some degree of flexibility, the shortened duration of the class was not a violation of the plaintiff's constitutional rights. The BOP further noted that all twelve (12) hours for the class requirement were met and that the class enrollees signed and dated the attendance sheets [*See* Record No. 1, Complaint (Attachment: BOP Responses to Administrative Remedy No. 354887)]. The plaintiff has not asserted a viable claim on this issue which would justify setting aside the Opinion and Order.

### CONCLUSION

The plaintiff's "Motion for Reconsideration" [Record No. 7] is **DENIED**.

This March 14, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge