UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-159-HRW

RONALD ROBINSON                                      PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

T. O'BRIEN, ET AL.                                  DEFENDANTS

Currently before the Court for consideration is the submission [Record No. 9] filed by Ronald Robinson, Sr., the *pro se* plaintiff.[1] The plaintiff is confined at the Federal Correctional Center in Ashland, Kentucky ("FCI-Ashland"). The Court broadly construes the filing as a "Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b).

The Court will not reiterate the procedural history of this case, having done so in the March 16, 2006 Memorandum Opinion and Order [Record No. 8] denying the plaintiff's motion for reconsideration of the dismissal of his case [Record No. 7]. In his June 29, 2006 submission, the plaintiff states that on December 9, 2005, he began his efforts to administratively exhaust his various claims through the Bureau of Prisons ("BOP"), but that the Warden of FCI-Ashland purposely hindered his exhaustion efforts and denied him access to the courts.

The plaintiff attached to his current submission the Warden's June 8, 2006 denial of his BP-9 "Request for Administrative Remedy," in which the Warden advised the plaintiff

---

[1] The plaintiff entitled his submission as "Notifying!".

that to the extent he was asserting multiple claims, he needed to submit separate BP-9 forms for each claim asserted. The plaintiff also attached his June 6, 2006 BP-9 "Request for Administrative Remedy" and his May 24, 2006 "Informal Resolution Request" ( BP-8).

## DISCUSSION

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[2] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment). The plaintiff's submission does not meet the stringent criteria required under Rule 60(b).

By Memorandum Opinion and Order entered on February 23, 2006 [Record No. 5], the Court evaluated and dismissed *with prejudice* ten of the eleven claims which the plaintiff had asserted in his original complaint. The plaintiff did not appeal that ruling. In the same Memorandum Opinion and Order, the Court dismissed the plaintiff's claims of retaliatory

---

[2]

There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

2

discharge from his prison job without prejudice to his exhausting those specific claims. The plaintiff raised that claim in an Affidavit filed five months after the filing of his complaint.

This civil action, 05-CV-159-HRW, has been dismissed. To the extent that one set of claims was dismissed without prejudice, the plaintiff must initiate a new, separate lawsuit in order to assert those claims after exhaustion. He may not reopen this dismissed proceeding in order to demonstrate exhaustion.

The case of *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. §1915A or 28 U.S.C. §1915(e)(2), it is subject to review, and that a complaint must be dismissed if it satisfies the factors of §1915(e)(2). *McGore* holds that if a complaint subject to screening was required to be dismissed under §1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id.* (Emphasis Added)

Thus, the proper inquiry is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed. See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal);[3] *Williams v. Johnson*, 55 Fed. Appx. 736, 737 2003 WL 264723, **2 (6th Cir. (Ky.) February 6, 2003) (Not selected for

---

[3] The Sixth Circuit also observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489.

3

publication in the Federal Reporter) (motion to amend complaint and permit discovery was unavailing because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal).

Here, the record reflects that with regard to the retaliatory discharge-from-prison-job claim, the plaintiff had not exhausted his administrative remedies *when the complaint was filed*, which is the inquiry under *McGore*. Under *McGore*, the Court is not authorized to allow the plaintiff to amend his dismissed complaint to allow him to demonstrate exhaustion of his claims, after the fact. This proceeding was dismissed on February 23, 2006, and reconsideration was denied by Order entered on March 16, 2006 [Record No. 8]. The plaintiff may file a new civil action and pay a new filing fee, but he may not amend his complaint and continue *this* action.

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's submission filed as Record No. 9, construed as a "Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)," is **DENIED**.

This 6th day of July, 2006.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

4